IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIEKA JONES, | Civil Action |
| Plaintiff, | No. 24-214 |
| v. | |
| COMMUNITY COLLEGE OF ERIE COUNTY, | |
| Defendant. | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff, Marieka Jones, by undersigned counsel files the Civil Complaint and in support alleges the following.

### I. Jurisdiction

1. The jurisdiction of the Court is invoked pursuant to Section 1 of the Civil Rights Act of 1866, 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, U.S.C. §2000e-5(f)(3), as amended by the Civil Rights Act of 1991, 42 U.S.C. §1331 and the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

2. Plaintiff has satisfied all the procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-5, as amended, and:

   a. Plaintiff filed a timely written Complaint of race discrimination, sexual harassment and retaliation with the Pennsylvania Human Relations Commission on April 14, 2023 and this was cross filed with Equal Employment Opportunity Commission.

   b. Plaintiff received a Notice of Right to Sue from the Department of Justice dated July 22, 2024; and

   c. The action was filed with the Court within 90 days of receipt of that Notice.

1

d.  More than one year has lapsed since Plaintiff filed her PHRC Complaint.

## II. Parties

3.  Plaintiff Marieka Jones ("Jones") is an adult individual who resides at 220 East 2nd Street, Erie, Erie County, Pennsylvania, 16507.

4.  Defendant Community College of Erie County ("Defendant") is an eligible employer as defined by 29 U.S.C. §2611(4) in that it is engaged in an industry or activity affecting commerce and employed more than 50 employees within 75 miles of Plaintiff's work location. Defendant operates a place of business at 2403 W 8th Street, Erie, Erie County, Pennsylvania, 16505.

5.  At all times relevant hereto, Defendant is also an employer within the meaning of Title VII, 42 U.S.C. §2000e(b) because it employed 15 or more individuals.

## III. Factual Background

6.  Jones began working for Defendant in student finance and accounting in August 2021.

7.  Starting in May 2022, whenever President Chris Gray would go into Jones' office, he would repeatedly and intentionally touch his genital area over his pants. Gray never touched himself whenever they were in a group meeting only when he was alone with Jones.

8.  In November 2022, Jones reported Gray's behavior to her supervisor, Philip Forte.

9.  Jones told Forte that Gray's inappropriate behavior made her uncomfortable.

10. Forte told Jones to contact Luisa Heifner, human resources, and the department of diversity, ethnic and inclusion ("DEI").

11. Heifner said she would speak with Gray and to contact her if her behavior continued.

12. Gray stopped going to Jones' office after that and was only in contact with her in public settings.

13. Approximately two weeks after her report to Heifner, Defendant wrote up Jones for the first time allegedly for emailing inappropriate things to a co-worker. However, there were no emails from Jones to the co-worker on the days claimed in the write-up.

14. Also, in November 2022, Defendant placed Jones on a performance improvement plan ("PIP"). Jones challenged the PIP because it accused her of being unprofessional and not using integrity and none of the allegations were true.

15. Defendant threatened Jones with termination if she did not complete the PIP satisfactorily.

16. In December 2022, Jones was told she had successfully completed the PIP.

17. Jones transitioned into the new position in December 2022, and she was told by Gray that she needed to be present and could not call off work.

18. However, Jones had PTO time available and had not abused the policy in the past.

19. During the transition there was a lack of communication from Defendant about who Jones was to report to and so she directed her questions to Forte and administration.

20. Gray told Jones if she kept asking, she was not going to have a job.

21. In February 2023, Defendant celebrated Black History Month by sending out emails and making a post on social media.

22. Jones, who is African American, contacted Heifner and asked why they were not observing Black History Month.

23. Heifner told Jones that was how Defendant had decided they was going to celebrate this year.

24. Defendant had had large celebrations to observe Latino and Italian Heritage month.

25. Several months prior to Black History Month, Jones had told Heifner she had a lot of great ideas for Black History Month. Defendant did not implement any of her ideas.

26. Heifner forwarded the private email sent to her by Jones to Karieth Bowman, dean of student support, student success, and enrollment management.

27. Bowman then sent Jones an email saying she was being "aggressive" whenever she asked Heifner why there was no Black History Month celebration.

28. Jones felt Bowman viewed her as an "angry black woman" for simply asking for an explanation.

29. Jones then emailed a discrimination complaint to Gray and to two of Defendant's board members.

30. On March 23, 2023, Jones was terminated by Defendant because it alleged her communication was not effective and was not improving.

## Count I
## Sexual Harassment
## Hostile Work Environment

31. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 30, as if fully set forth herein.

32. The unwanted and unwelcome conduct of a sexual nature by Gray subjected Jones to a hostile work environment, because of her sex, and therefore discriminated against Jones in a term and condition of employment because of her gender in violation of Title VII of

4

the Civil Rights Act of 1964, 42 U.S.C. 2000e-2(a)(1).

33. The actions of Defendant were intentional and were undertaken with reckless indifference to Plaintiff's federally protected right to not be subjected to unwelcome and unwanted conduct of a sexual nature.

34. As a direct and proximate result of Defendant's intentional and reckless actions, Plaintiff has sustained the injuries set forth below:

  a. Loss of income and benefits;

  b. Humiliation;

  c. Loss of reputation;

  d. Inconvenience; and

  e. Emotion distress.

WHEREFORE, Plaintiff demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991 as follows:

  a. That Defendant be ordered to reinstate Plaintiff into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

  b. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied on the date she was fired;

  c. That Defendant be required to provide Plaintiff with front pay if the Court determines reinstatement is not feasible;

  d. That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

  e. That Plaintiff be awarded compensatory damages in an amount to be

        determined at the trial;

    f.    That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by Title VII;

    g.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee; and

    h.    That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

### Count II
### 42 U.S.C. §1981
### Race Discrimination

35.    Plaintiff incorporates by reference the allegations in Paragraph 1 to 34.

36.    Defendant fired Jones because of her race.

37.    Defendant's actions in firing Jones because of her race, deprived Jones of the same right to make and enforce contracts as is enjoyed by White citizens in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981.

38.    Defendant's discharge of Jones was undertaken with reckless indifference to Plaintiff's federally protected right to make and enforce contracts irrespective of her race.

39.    As a result of Defendant's discriminatory and retaliatory treatment, Jones was fired her job on March 23, 2023 and has suffered and continues to suffer damages, including but not limited to lost wages and benefits, anxiety, loss of reputation, lost career opportunities, emotional distress, humiliation, and inconvenience.

WHEREFORE, Plaintiff demands judgment against Defendant pursuant to 42 U.S.C. §1981 as follows:

    a.    That Defendant be permanently enjoined from discriminating against Jones or retaliating against Jones because of her race or because she opposed race discrimination;

6

      b.      That defendant be ordered to employ and Jones to the position occupied on March 23, 2023, together with all benefits incident thereto, including but not limited to wages, benefits, training, and seniority;

      c.      That Defendant be required to compensate Jones for the full value of wages and benefits each would have received had it not been for Defendant's illegal treatment, with interest thereon until the date Jones is offered re- employment into a position substantially equivalent to the one Jones occupied on March 23, 2023;

      d.      That Jones be awarded compensatory damages in an amount to be determined at trial;

      e.      That Jones be awarded against Defendant the costs and expenses of this litigation, and a reasonable attorney's fee; and

      f.      That Jones be awarded such further relief as this Court deems to be just and proper.

## Count III
## Title VII: Race Discrimination

40.    Plaintiff incorporates by reference the allegations in Paragraph 1 to 39.

41.    Defendant discharged and otherwise discriminated against Plaintiff because of her race in violation of Title VII, of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981A.

42.    Defendant's actions in discharging Jones because of her race was undertaken intentionally and with reckless indifference to Plaintiff's federally protected right to be free from discrimination in employment decisions because of her race.

43.    As a result of Defendant's race discrimination against Plaintiff, Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages and benefits, anxiety, loss of reputation, lost career opportunities, emotional distress, humiliation, and inconvenience.

WHEREFORE, Plaintiff demands judgment pursuant to Title VII of the Civil Rights Act

of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981A against Defendant as follows:

    a.     That Defendant be permanently enjoined from discriminating against Plaintiff on any basis forbidden by Title VII.

    b.     That Defendant be ordered to employ Jones to the position from which she was fired on March 23, 2023, together with all benefits incident thereto, including, but not limited to wages, benefits, training, and seniority.

    c.     That Defendant be required to compensate Plaintiff for the full value of wages and benefits Plaintiff would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest thereon until the date Plaintiff is offered employment into a position substantially equivalent to the one from which Defendant fired Jones on March 23, 2023.

    d.     That Plaintiff be awarded compensatory and damages in an amount to be determined at trial.

    e.     That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney fee.

    f.     That Plaintiff be awarded such further relief as this Court deems to be just and proper.

## Count IV
## Retaliation

44.     Plaintiff incorporates by reference the allegations in Paragraphs 1 to 43, as if fully restated herein.

45.     Defendant fired Jones because she opposed conduct made illegal under Title VII of the Civil Rights Act of 1964, in violation of 42 U.S.C. §2000e-3(a).

46.     Defendant's retaliation was intentional and taken with reckless indifference to Jones' federally protected right to not be retaliated against for opposing conduct made illegal under Title VII.

47. As a direct and proximate result of Defendant's intentional and reckless actions, Plaintiff has sustained the injuries set forth below:

    a. Loss of income and benefits;

    b. Humiliation;

    c. Loss of reputation;

    d. Inconvenience; and

    e. Emotional Distress

WHEREFORE, Plaintiff demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991 as follows:

    a. That Defendant be ordered to reinstate Plaintiff into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    b. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied on the date she was fired;

    c. That Defendant be required to provide Plaintiff with front pay if the Court determines reinstatement is not feasible;

    d. That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

    e. That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

    f. That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by Title VII;

    g. That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee; and

      h.      That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## Count V
## PHRA

48. Plaintiff incorporates by reference the allegations in paragraphs 1 through 47 as if fully restated herein.

49. Defendant's firing of Jones violated the PHRA, 43 Pa. Conns. Stat.Ann. §955(a) et seq.

50. As a direct result of Defendant's violation of the PHRA, Jones has lost wages and other economic benefits of her employment with Defendant, in addition to suffering extreme emotional distress, depression, inconvenience and humiliation.

WHEREFORE, Jones requests the following:

    a.    That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Pennsylvania Human Relations Act;

    b.    That Defendant be ordered to instate Plaintiff and provide her accumulated seniority, fringe benefits and all other rights;

    c.    That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discrimination, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

    d.    That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;

    e.    That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the Pennsylvania Human Relations Act;

    f.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

    g.    That the Court grant Jones additional relief as may be just and proper.

Respectfully submitted,

**Edgar Snyder & Associates**

/s/ *John E. Black, III*

John E. Black, III
Pa.I.D. #83727
US Steel Tower, 10th Floor
600 Grant Street
Pittsburgh, PA  15219
(412) 394-4446
jblack@edgarsnyder.com

Attorney for Plaintiff